FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIELA ARAGOIN BARRAZA,<br><br>Defendant. | No.  4:16-cr-6010-SMJ<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Before the Court, without oral argument, is Defendant's "Motion Requesting Compassionate Release," ECF No. 56. Defendant was sentenced to ninety-two months' incarceration after she pled guilty to possession of a stolen firearm. ECF No. 52 at 1–2. Defendant now seeks immediate release because her son contracted the coronavirus disease 2019 (COVID-19) and resides with Defendant's elderly mother, who is the primary caretaker for Defendant's daughter. ECF No. 56 at 4–5. The Government opposes compassionate release, arguing both that Defendant has not exhausted administrative remedies and that she has not established a sufficiently compelling justification for early release. *See* ECF No. 57. Having reviewed the record and the relevant legal authorities, the Court is fully informed and denies Defendant's motion for early release.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

A.  **Administrative Exhaustion**

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . . ."). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

However, under certain circumstances statutory exhaustion requirements may be waived. *See McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992). The "futility exception" relieves a party seeking relief from being required to first "pursue an administrative review that is demonstrably doomed to fail." *Diaz v. United Agr. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1485 (9th Cir. 1995) (citing *Amaro v. Cont'l Can Co.*, 724 F.2d 747, 750–53 (9th Cir. 1984)); *see also Nevada v. Hicks*, 533 U.S. 353, 369 (2001). Exhaustion may be futile where administrative relief, even if granted, would arrive too late. *See Fletcher v.*

*Menard Corr. Ctr.*, 623 F.3d 1171, 1174 (7th Cir. 2010) ("If it takes two weeks to exhaust a complaint that the complainant is in danger of being killed tomorrow, there is no "possibility of some relief" and so nothing for the prisoner to exhaust.").

Defendant expressly "concede[s] that [she] [had] not exhausted administrative remedies" at the time she filed her motion for compassionate release. ECF No. 56 at 5. Defendant argues, however, that § 3582(c)(1)(A)'s exhaustion requirement should be excused because she and her family "do not have 30 days or more to wait." ECF No. 56 at 6. Defendant also notes she "filed requesting for compassionate release on 6-5-20 with" prison staff including "[the] warden," though she provides no documentary evidence of this request and did not file a reply addressing what if any response she received. *Id.* at 7.

If Defendant produced evidence the Bureau of Prisons denied her request or failed to act on it, she could likely establish administrative exhaustion as by now more than thirty days have elapsed since the date on which she reportedly sought relief from the warden. *See id.*; 18 U.S.C. § 3582(c)(1)(A). Alternatively, because Defendant sought immediate release in light of the fact that her son had been diagnosed with COVID-19, she might also be able to establish the time-sensitive nature of the relief she sought rendered administrative exhaustion futile. *See* ECF No. 56 at 4–5; *Fletcher*, 623 F.3d at 1174.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

B.  **Extraordinary and Compelling Circumstances**

Ultimately, the Court deems it unnecessary to resolve the issue of administrative exhaustion because even if Defendant were eligible for compassionate release, she has not demonstrated extraordinary and compelling circumstances warranting such relief. As an initial matter, there is division among the district courts concerning the standard applicable to motions for compassionate release. *See United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *2–3 (S.D. Cal. Mar. 3, 2020). Prior to substantial amendments to § 3582(c) in the First Step Act of 2018, only the Bureau of Prisons was permitted to bring a motion for compassionate release on an inmate's behalf. *See id.* Under that earlier regime, the U.S. Sentencing Commission identified three circumstances in which compassionate release was justified, none of which are relevant here, yet also recognized early release may be appropriate for "an extraordinary and compelling reason other than, or in combination with" the enumerated reasons. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). Crucially, however, justifications under that final catchall category were limited to those considered sufficiently extraordinary "by the Director of the Bureau of Prisons," and the guideline has not been amended since passage of the First Step Act of 2018. *Id.* § 1B1.13 cmt. n.1(D).

It is therefore unclear whether the district court is constrained to granting

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

compassionate release only where either an enumerated category under the U.S. Sentencing Guidelines applies or the Bureau of Prisons has identified a different reason as sufficiently extraordinary and compelling, or whether the district courts are now entitled to make that determination independently. *Compare United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (collecting cases) ("[T]he most natural reading of the amended § 3582(c) . . . is that the district court assumes the same discretion as the B[ureau of Prisons] Director when it considers a compassionate release motion properly before it.") *with United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *3 (S.D. Ala. Aug. 13, 2019) (holding only Bureau of Prisons permitted to identify extraordinary and compelling reason).

The only enumerated example of an extraordinary and compelling circumstance warranting early release relevant here is triggered upon the "death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(C)(i). However, while Defendant's motion expresses concern regarding the proximity between her son, who was diagnosed with COVID-19, and her elderly mother, who is the primary caretaker for Defendant's young daughter, Defendant does not represent her mother has in fact passed away or become incapacitated. *See* ECF No. 56 at 2. As such, this argument is insufficient to justify early release in these circumstances.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 5

Furthermore, even if the Court determined it possesses the authority to grant compassionate release for reasons not specifically identified by the U.S. Sentencing Commission or Bureau of Prisons, it is unable to identify such circumstances here. Defendant requests early release to arrange care for her young daughter—and, presumably, elderly mother—away from her son who was diagnosed with COVID-19. *See* ECF No. 56 at 6. Though Defendant seeks early termination of her sentence of incarceration or release to home confinement, she fails to explain how such relief would ameliorate the risk to her family. *See id.* Furthermore, the Court notes that an individual diagnosed with COVID-19 is presently believed to be contagious for a period of no more than twenty days. *See* Ctrs. for Disease Control and Prevention, *When is someone infectious?* (last reviewed July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#Infection-Control. Defendant represents she learned her son had been diagnosed with COVID-19 on June 4, 2020, placing the outer limit of the period in which he was infectious at June 24, 2020. ECF No. 56 at 7. Thus, even if Defendant could show how her immediate release could address the risk posed by COVID-19 to her elderly mother and daughter, it appears that risk has passed. Because Defendant has identified no other justification for early release in this case, the Court finds such relief is not warranted.[1]

---

[1] Though Defendant did not request early release based on the risk of herself

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 6

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's "Motion Requesting Compassionate Release," **ECF No. 56**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 23rd day of July 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

---

becoming ill from COVID-19, the Court notes such relief would likely also be unwarranted. Defendant is presently forty-four years of age, and thus well outside the age-based category of those at greatest risk. *See* ECF No. 56 at 3; Ctrs. for Disease Control and Prevention, *People Who Are At Higher Risk for Severe Illness* (last reviewed June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Furthermore, during the pre-sentence investigation, Defendant did not disclose any serious medical conditions, *see* ECF No. 47 at 30, and does not identify any that have developed since that time in her motion for compassionate release. *See* ECF No. 56.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 7